## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF PENNSYLVANIA

BENJAMIN P. SALVIO, Individually and as     :
Administrator of the Estate of JANINE M.
TRAGESSER, Deceased     :

       Plaintiffs     :     CA No.: 2:11-cv-00553-TFM

v.     :
                               ELECTRONICALLY FILED

AMGEN, INC., a Delaware corporation;     :
IMMUNEX, INC., a wholly owned subsidiary
of AMGEN, INC.; WYETH, LLC, a Delaware     :
corporation; and PFIZER, INC., a Delaware
corporation     :

       Defendants     :

---

## OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6)
## and
## MOTION TO AMEND

COMES NOW the Plaintiffs, Benjamin P. Salvio, individually and as

Administrator of the estate of Janine M. Tragesser, deceased, and respectively moves

this Court to deny defendants' motion to dismiss Plaintiffs' complaint pursuant to FRCP

12(b)(6) in its entirety, and grant Plaintiffs leave to amend the complaint.  A proposed

order is filed separately.

### OVERVIEW

The pharmaceutical Defendants' motion to dismiss should be denied.

First, as explained below, the Defendants overstate the pleading thresholds

established by the U.S. Supreme Court's recent decisions in <u>Bell Atlantic Corp. v.</u>

<u>Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937 (2009).  Despite

the broad interpretation provided by the Defendants, these cases do not require a heightened burden on the Plaintiffs above that already required by FRCP 8 (e.g., "a short and plain statement of the claim showing that the pleader is entitled to relief;" at FRCP 8(a)(2)). Rather, they require the complainant to provide fair notice of the factual basis of a claim while "rais[ing] a reasonable expectation that discovery will reveal evidence of the necessary element." <u>Weaver v. UPMC</u>, Civil Action No. 08-411, 2008 U.S. Dist. LEXIS 57988, at * 7 (W.D. Pa. July 30, 2008) (citing <u>Twombly</u>, 550 U.S. at 555).

Second, the Complaint filed in this case adequately satisfies current federal pleading standards, which require the Court to take Plaintiffs' allegation and factual recitation as true for purposes of this motion. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008) (quoting <u>Twombly</u>, 550 U.S. at 570). In the rare case that Plaintiffs' complaint is found wanting at this early stage of litigation, this Court should grant Plaintiffs leave to amend the Complaint rather than dismissing these Defendants. <u>Phillips</u>, 515 F.3d at 245.

Notwithstanding the above, even if the Court determines that Plaintiffs' complaint satisfies current federal pleading standards, Plaintiffs seek leave to amend the complaint to correct technical errors in the complaint, clarify legal and factual assertions, and supplement their claims.

## BRIEF FACTUAL BACKGROUND

The Defendants drug companies began marketing Enbrel® in 1998. Complaint at lines 160-161. The Defendants provided warnings to doctors for sepsis but did not provide any warnings either to doctors or patients for fungal infections such as histoplasmosis, blastomycosis or mucormycosis (also know as zygomycosis).

Complaint at 203 to 206. After reports of fungal infections and deaths resulting from patients taking Enbrel® and 3 other tumor necrosis factor (TNF) blocking drugs, the FDA intervened.  In September 2008[1], the FDA issued an alert for the Defendants to provide new information to healthcare providers about the risk of Enbrel® fungal infections and related deaths.  At that time, the agency also indicated that new information must be added to the Enbrel® black box warning to ensure that doctors and consumers were aware of the risk, especially for those who live in or visit areas where fungus is prevalent, such as the Ohio River Valley region.  Complaint at 224-229. Unfortunately, many cases of fungal infections from Enbrel® and the 3 other TNF/immunosuppressants have gone undiagnosed by doctors because the symptoms are similar to the flu.

The Defendants did not provide these warnings in time for Ms. Tragesser to avoid their product.  She began taking the drug around 2001, discontinued it, and began taking it again around 2005 until she became ill in 2008, when she was diagnosed with the deadly fungal infection mucormycosis.  Doctors told her that her immune system was compromised by Enbrel®, which was a substantial contributing factor to her illness and ultimate death on May 13, 2010 (Complaint at 146-147).

## LEGAL STANDARD

FRCP 12(b)(6) provides for the dismissal of a complaint, in whole or in part, for failure to state a claim upon which relief can be granted.  In this case, as in any such matter before the Court, the burden is upon the Defendants to establish that Plaintiffs' complaint fails to state a claim.  See Gould Electronics v. United States, 220 F.3d 169,

---

[1] Plaintiffs' complaint erroneously uses the date of May 2008. However, September 2008 is the correct date that the FDA directed the Defendants to issue an alert to healthcare providers and revise the "Black Box" warning on the risks of fungal infections and related deaths.

178 (3d. Cir. 2000). Dismissal is appropriate only if, accepting as true all the facts alleged in the complaint, a plaintiff has not pleaded "enough facts to state a claim to relief that is plausible on its face," Bell Ad. Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). Also, see Iqbal, 129 S. Ct. at 1949.

As noted in Plaintiffs' argument below, the "plausibility" or adequacy of pleadings must also be viewed through the prism of FRCP 8(a)(2), a liberal standard which notes that the statement or complaint need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Bd.2d 1081 (2007) (per curiam) (quoting Twombly, 550 U.S. at 555). Bald assertions will not suffice, but a plaintiff will proceed if the complaint puts forth sufficient facts that, when taken as true, suggests the required elements of a particular legal theory. See Wilkerson v. New Media Tech. Charter Sch., Inc., 522 F.3d 315 (3d Cir. 2008) (citing Phillips, 515 F.3d at 224).

In deciding a motion to dismiss, a court should consider the allegations in the complaint, exhibits attached to the complaint, and matters of public record. See Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir.1993). A court's role is limited to determining whether a plaintiff is entitled to offer evidence in support of the alleged claims. See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). The Court does not consider whether a plaintiff will ultimately prevail. See id.

## LEGAL ARGUMENT

A. The Learned Intermediary Doctrine, and Matters Outside the Pleadings, Have No Relevance in Deciding a FRCP 12(b)(6) Motion

Defendants drug companies first argue that Plaintiffs' claims should be dismissed because of the learned intermediary doctrine. To support the argument that a warning to Ms. Tragesser's prescribing physicians is relevant in the filing of a FRCP 12(b)(6) motion, Defendants attempt to incorporate by reference 2 exhibits identified as package inserts containing warnings that purportedly were given to Plaintiffs' prescribing doctors. Under the learned intermediary doctrine, a defendant drug manufacturer's duty to warn of adverse risks associated with its drug generally is met by relaying those risks to the prescribing doctor.

As authority for incorporating the package inserts, Defendants offer <u>Moore v. Watson Pharmaceutical</u>, No. CIV. A. 01-4620, 202 WL 63592, at * 2 (E.D. Pa. 2002), an unpublished case involved a *pro se* plaintiff who filed a one paragraph letter (which the Court treated as a complaint) complaining of "stress and mood swings" caused by a drug given to him in the hospital. The brevity of his "complaint" caused the Court to offer this plaintiff time to amend. When he did not within the time allotted, the Court dismissed it in part because he failed to state a claim. <u>Moore</u>, No. CIV. A. 01-4620 at 5.

Perhaps this argument would be worthy of consideration had Defendants filed a summary judgment motion, which generally is filed in most such civil cases at the close of discovery. Under Rule 12(b)(6), the issue is the sufficiency of Plaintiffs' pleadings. Extrinsic documents and matters, as a rule, are not considered by the Court. Surely, the <u>Watson</u> case is not sufficient authority to suggest that extrinsic matters outside the pleadings should be considered in deciding a Rule 12(b)(6) motion. What does any of this have to do with the sufficiency of pleadings at this stage of the litigation? Plaintiffs respectfully suggest that these issues are pertinent for post-discovery dispositive

motions and trial determinations.  These arguments should not be given merit in ruling on this motion.

Therefore, Defendants' arguments that plaintiffs have failed to state a claim upon which relief can be granted based on any degree of reliance on the learned intermediary doctrine should be rejected.  Similarly, their attempt to transform a Rule 12(b)(6) motion into a Rule 56 motion should be rejected as well (see more below).

B.  Federal Notice Pleading Remains the Law After _Twombly_ and _Iqbal_

   1.  What Twombly and Iqbal Did Not Do – Eliminate Basic Notice Pleading

_Twombly_ and _Iqbal_ do not demand the dismissal of plaintiffs' complaint. Contrary to the arguments of the drug manufacturers, these cases do not establish a new, generalized power giving each judge authority to dismiss any complaint or allegation that he or she subjectively deems "implausible."  That is simply not the law.  It is true that, since the Supreme Court handed down _Twombly_ and _Iqbal_, these cases have been cited widely – but it is also apparent that neither case has ended basic federal notice pleading.  FRCP 8 continues to state, just as it always has, that a Complaint simply must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  And as recent opinions from even noted conservative jurists such as Judges Richard Posner[2] and Frank Easterbrook[3] suggest, the impact of the _Twombly_ and _Iqbal_ decisions may be far more limited than the Defendants imply.

Further, neither _Twombly_ nor _Iqbal_ called into question two other recent Supreme Court decisions that had rejected dismissals: Swierkiewicz v. Sorema N.A., 534

---

[2] _Smith v. Duffey_, 2009 U.S. App. LEXIS 17211 (7th Cir. filed Aug. 3, 2009), at *11-13 (noting how _Bell Atlantic v. Twombly_ held that "in complex litigation (the case itself was an antitrust case) the defendant is not to be put to the cost of pretrial discovery," but "the present case … is not complex"; Judge Posner then noted how _Iqbal_ also "is special in its own way.".... So maybe neither _Bell Atlantic_ nor _Iqbal_ governs here."

[3] _United States ex rel. Lusby v. Rolls Royce Corp._, 2009 U.S. App. LEXIS 14119, at *10-11 (7th Cir. filed June 30, 2009) (reversing dismissal of complaint where district court had found insufficient particularity in the complaint's false statement allegations; Judge Easterbrook noted that "much knowledge is inferential," and found that "the inference that Lusby proposes is a plausible one.")

U.S. 506 (2002) and <u>Leatherman v. Tarrant County Narcotics Intelligence &</u>
<u>Coordination Unit</u>, 508 U.S. 223 (1993). In each of those cases, the Supreme Court – by
unanimous votes – considered and rejected arguments that a complaint must contain
additional details. <u>Swierkiewicz</u> could not have been clearer in stating that there is no
general authority to dismiss a complaint simply because it appears unlikely. 534 U.S. at
515 ("Rule 8(a) establishes a pleading standard without regard to whether a claim will
succeed on the merits. Indeed it may appear on the face of the pleadings that a recovery
is very remote and unlikely but that is not the test."). The <u>Twombly</u> decision, in fact,
simply distinguished its own facts from this rule in <u>Swierkiewicz</u> – a rule which
<u>Twombly</u> continued to cite with approval. In short, the unanimous decisions in
<u>Swierkiewicz</u> (written by Justice Thomas) and <u>Leatherman</u> (written by Chief Justice
Rehnquist) remain good law, and serve as solid precedent for the rule of basic notice
pleading in federal courts.

   2.   <u>Under Iqbal, Plausibility is not the First Inquiry (or Even a Necessary One)</u>

     As the majority opinion in *Iqbal* made clear, the proper inquiry when evaluating
a motion under Rule 12(b)(6) involves a two-part inquiry. First, the Court must identify
any allegations that are "conclusory," and then essentially disregard (by no longer
accepting as automatically true) those assertions. Second, the Court must determine
whether the remaining allegations, accepted as true, plausibly suggest an entitlement to
relief. In other words, the "plausibility" inquiry that is the second part of the test (and
which was the focus of <u>Twombly</u> and <u>Iqbal</u>), can never justify disregarding a non-
conclusory allegation. Stated differently, non-conclusory allegations can never be
disregarded for lack of "plausibility" under <u>Twombly</u> and <u>Iqbal</u>.

So long as an allegation is not conclusory at _Iqbal_ step one, it still must be accepted as true. It follows that whenever a complaint contains non-conclusory allegations on every element of a claim for relief, the plausibility issue vanishes completely. And even with a complaint that fails to provide non-conclusory allegations on each element, it too will survive dismissal if it contains enough plausibly to suggest entitlement to relief.

A judge may not declare as "conclusory" and disregard any allegation that he or she believes somehow lacks sufficient embellishment to make the allegation "plausible" – for that would conflate the two separate parts of the two-part inquiry. Indeed, any definition that would disregard an allegation as "conclusory" on the basis that the complaint lacks other allegations suggesting its truth would flout decisions like Swierkiewicz and Leatherman.

C. The Court Should Not Accept Defendants' Invitation to Transform This Filing From a FRCP 12(b)(6) Motion to a FRCP 56 Motion

Recently, as a result of increased filings in the wake of Iqbal and Twombly, it has become fashionable for the defense bar to invite courts to treat their Rule 12(b)(6) motion as a Rule 56 summary judgment motion. As mentioned earlier, this is not requested explicitly. Rather, they ask the Court to incorporate by reference documents filed with its motion, and justify this request by stating that these documents should be considered because plaintiffs "incorporated" the documents as an integral part of their complaint. Defendants' motion at 5. The ultimate goal is to encourage the Court to attack plaintiffs' arguments instead of determining the sufficiency of the pleadings on their face. Actually, it's an attempt to encourage the Court to interpret Iqbal and

Twombly in ways inconsistent with their meaning, and completely ignore FRCP 8 and its liberal pleading standard.

There virtually is no authority for this leap. No discovery has taken place to test any of the arguments advanced by Defendants. To accept this argument would render the rules of this Court meaningless.

For example, Plaintiffs' cause of action is about the Defendants causing the injury and death of Ms. Tragesser with their drug Enbrel® and the adequacy of the warnings associated with the drug. There is no way for plaintiffs adequately to plead the facts of this case without mentioning the warnings (and other documents). Plaintiffs' facts and allegations in its complaint are not a signal to the Court that it should consider matters outside the pleadings and turn this motion into a Rule 56 motion.

D. All of Plaintiffs' Claims are Entitled to be Tested in Discovery

The drug companies contend that Plaintiffs' strict liability and negligence claims should be dismissed before discovery --- before they are fully developed and tested --- in stark contrast to the law and the time honored tradition of trying cases on their merits rather than on how the Defendants believe the court will rule. We ask the Court to reject this position as unwise, not legal and contrary to the basic rules of civil justice.

Consider the Defendants' arguments on the Plaintiffs' strict liability claims (including warranties under a strict liability standard). Plaintiffs understand the law on strict liability claims against prescription drug manufacturers in the state of Pennsylvania. The struggle to hold drug companies strictly liable indeed is a daunting task in the face of this Court's ruling in Parkinson v. Guidant Corp., 315 F. Supp. 2d 741 (W.D. Pa. 2004), and the state court's reliance on Restatement (Second) of Torts § 402 and comment k. However, is it consistent with the law to shut down any chance at

achieving a different result before completing discovery and presentation of evidence in this case? Swierkiewicz, 534 U.S. at 515 (likelihood of success on the merits at this stage of litigation is not the test). Even in the case liberally quoted by the Defendants, Lance v. Wyeth, 4 A.3d 160 (Pa. Super. Ct 2010), the matter proceeded through litigation for several years before a motion was filed. Moreover, the Defendants filed a summary judgment motion rather than a Rule 12(b)(6) motion. How would the law evolve if trial courts across America determine that no case can be filed that runs counter to conventional law and wisdom? Most important, Defendants arguments here are not founded in procedural Rule 12(b)(6) reasoning --- the sufficiency of plaintiffs' pleading; rather, the contentions solely reference substantive bodies of law. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). ("FRCP 12(b)(6) tests the legal sufficiency of a complain.") For this reason, the Court must not allow Defendants to dictate the course of litigation before pertinent facts are revealed during discovery. Applying the law to facts is precisely what happens in a Rule 56 motion. An analysis on the merits of Plaintiffs' legal arguments should not occur in a Rule 12(b)(6) motion.

Defendants also contends that Plaintiffs' negligence claims (including warranties under a negligence theory) do not allege sufficient facts, and are not plausible based on the learned intermediary doctrine. Defendants' Motion at page 14.

Plaintiffs' 21 page complaint adequately provides facts consistent with the guideposts of Iqbal and Twombly, as well as Rule 8. Plaintiffs, for example, state that the drug companies' "communications about the benefits, risks, and adverse effects of Enbrel, including communications ... were materially false, misleading and incomplete." Complaint at lines 208-210; that Ms. Tragesser ingested the drug for years because Defendants did not disclose the risk of fatal fungal infections until after serious injury

and death, including the death of Plaintiff, had occurred. Complaint at lines 211 - 214; that Plaintiff would have discontinued her use of the drug, and relied upon safer treatment options, had the defendants not engaged in fraud (Complaint at lines 211 – 216); that the drug companies engaged in the illegal behavior described in the complaint to preserve their high salaries and enormous gross revenue (Complaint at lines 243-250); and that the drug companies engaged in the illegal behavior described in the complaint to make as much money as possible now given that they will lose their exclusive patent and right to produce, market and sell Enbrel® in 2012 when the drug will be available for generic sale (Complaint at 251-254).

Plaintiffs ask the Court to remember that "a complaint need not be 'a model of the careful drafter's art…'" Lucchesi v. Day & Zimmerman Group, Civ. Action No. 10-4164 (E.D. Pa. April 21, 2011), quoting Skinner v. Switzer, 179 L. Ed. 2d 233, 242 (2011). Plaintiffs are not obliged to provide each and every factual detail that comprises its case at this pre-discovery phase. Under Twombly, non-conclusory allegations must be accepted as true. Further, the allegations sufficiently are plausible to suggest entitlement to relief (see above). Any contentions claiming that the learned intermediary doctrine precludes Plaintiffs from advancing their case to post-discovery demonstrate a misapplication of the law.

The proper focus of a motion to dismiss should turn on whether a complaint provides notice of real world acts or events giving rise to a claim – just as it always has. Rule 8 has not changed at all – it still requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."

E. Plaintiffs' Claim for Punitive Damages Must Stand at this Early Stage of the Litigation

Plaintiffs are aware of the standard for awarding punitive damages in the state of Pennsylvania. See <u>Hutchinson v. Lundy</u>, 582 Pa. 114, 121 (2005), noting that "[a]s the name suggests, punitive damages are penal in nature and are proper only in cases where the defendant's actions are so outrageous as to demonstrate willful, wanton or reckless conduct."

However, as Plaintiffs have stated throughout, in deciding a FRCP 12(b)(6) motion, the Court must "accept all facts in the complaint as true, construe them in the light most favorable to the plaintiffs and determine whether, under any reasonable reading, the plaintiff may be entitled to relief." <u>Phillips</u>, 515 F.3d at 233. This standard holds in considering punitive damages. The Court's role, whether deciding punitive damages or any other claim in the complaint under Rule 12(b)(6), is limited to determining if a plaintiff is entitled to offer evidence in support of her claims. See <u>Scheuer</u>, 416 U.S. at 236. That means that plaintiffs are not required at this stage of the litigation to provide crystal clarity as to which specific claims or counts merit or legally support punitive damages.

Strong precedent exists for this position. In a recently decided case, <u>Tomassoni, et. al. v. Farr and USA Truck, Inc.,</u> No. CIV. A. 3:11-CV-105 (M.D. Pa. 2011), the court declined to dismiss a punitive damages claim in a trucking crash filed in negligence because "the Court believes that dismissing these claims at this time would be premature. Defendants will still have the opportunity to move for summary judgment on this issue after discovery is completed." <u>Tomassoni,</u> No. CIV. A. 3:11-CV-105 at 4. Further, in citing in <u>Young v. Westfall</u>, No. CIV. A. 4:06-cv-2325, 2007 WL 675182 at *2 (M.D. Pa. March 1, 2007), also a trucking negligence case in which the court declined to dismiss a punitive damages claim pursuant to Rule 12(b)(6), the court opined:

"[a]lthough the facts may later prove at most that defendants were merely negligent, discovery is necessary to help make this determination. Dismissing plaintiffs' punitive damages claim now at the pleading stage would be premature." Id.

Plaintiffs' complaint provides facts that, if proven, could place the issue of punitive damages before a jury. Ms. Tragesser was injured by Defendants who fraudulently held back vital information that, if known, would have changed her decision to rely on this drug for relief. Complaint at lines 262-264. "[A]t the time that plaintiff was ingesting this drug, the Defendants did not inform doctors prescribing Enbrel to their patients that the drug can kill you [of fungal infections] even if used as prescribed[.]" Complaint at lines 179-180. Further, the Defendants "...did not inform consumers in its direct marketing campaigns that Enbrel can kill you even if taken as prescribed[.]" Complaint at lines 181-182. Plaintiffs contend that "[D]efendants' material nondisclosures and misrepresentations ... were made because [they] were ... highly motivated to maintain Enbrel's gross sales and the financial benefit that they receive[d] as a result... [.]" Complaint at lines 235-237. These financial benefits included gross sales from 2005 to 2008 averaging $3.475 billion per year domestically, and additional handsome profits overseas. Complaint at lines 239-242.

The result of Defendants' lies and hidden truths was a devastating injury to Ms. Tragesser that altered her entire life forever. She contracted a serious fungal infection from which few recover. Complaint at lines 125-126. Mucormycosis enveloped her lungs, damaged her vocal cords and made her a prisoner in her own home. Complaint at lines 126-129. After more than 20 hospitalizations at a cost exceeding $2.5 million, she died 2 years later. Complaint at lines 130-131. These are just a few of the facts that plaintiffs will offer as a basis for seeking a jury instruction on punitive damages.

Defendants also contend that plaintiffs' punitive damages claim should be dismissed because it is characterized as a "claim" or "count" as if it was a separate cause of action. Plaintiffs understand that a punitive damages claim is not a separate cause of action. It was inartfully drafted and referenced as a "count" (as it has been and will in many complaints filed before this Court by other parties). As they seek leave to amend in this filing, Plaintiffs argue that this technical error can be corrected upon amendment. "[T]he party opposing the amendment bears the burden of demonstrating why leave should not be granted." 3 Moore's Fed. Prac. § 15.15[2] (3d ed. 2000).

Finally, regarding Defendants arguments that their "warnings" defeat Plaintiffs' contentions that they acted in conscious disregard of the inherent risks, Plaintiffs note that Defendants cite cases where an entire trial has occurred and the court is reviewing whether punitive damages should stand. See, for example, Toole v. Baxter Healthcare Corporation, 235 F.3d 1307 (11th Cir. 2000), cited by Defendants, where a jury decision to award punitive damages was reversed. As Plaintiffs have noted repeatedly, this matter comes before the Court as a Rule 12(b)(6) matter in its early stages with no discovery yet taken. Dismissing the punitive damages claim now would be premature. Tomassoni, No. CIV. A. 3:11-CV-105 at 4.

F.  Plaintiffs Seek Leave to Amend, Even if Not So Required By the Court

Even if this Court determines that the Plaintiffs' first amended Complaint is not sufficiently pled, and that greater factual specificity is necessary even at this early stage, this Court's proper course should be to grant Plaintiff leave to amend her Complaint, rather than dismissing these Defendants outright.[4]

---

[4] The Plaintiffs amended their complaint as a matter of right prior to the filing of responsive pleadings.

As this Circuit has noted in <u>Phillips</u>, "...if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile."  Citing <u>Alston v. Parker</u>, 363 F.3d 229, 235 (3d Cir. 2004).  Further, this opportunity to amend must be provided even if the plaintiff does not seek leave to amend.  "Accordingly, even when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must offer plaintiff the opportunity to amend within a set time." <u>Id.</u>

Consistent with the Court's liberal granting of leave to amend, Plaintiffs seek to do so even if the Court deems it not necessary.  <u>Lucchesi</u>, No. CIV. A. CIVIL ACTION No. 10-4164 at 7. (FRCP 15(a) provides that leave to amend should be freely given "when justice so requires."  Specifically, Plaintiffs seek leave to amend the complaint to correct technical errors, clarify legal and factual assertions and otherwise supplement their claims.  Plaintiff's addition of new legal theories would not be a valid basis for denial of an amendment.  See, e.g., <u>Hisler v. Galludet University</u>, 206 F.R.D. 11, 13 (D.D.C. 2002) ("A motion for leave to amend should not be denied solely because it asserts new causes of action.").  See also <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962) (holding that the plaintiff should be allowed to vacate a judgment and amend the complaint to proceed under a new legal theory).  Permitting an amendment so claims and assertions can be spelled out more specifically in an amended Complaint is surely well within this Court's discretion.

## CONCLUSION

For the reasons stated herein, the Court should deny Defendants' motion, and grant Plaintiffs' motion to amend their complaint.


July 13, 2011


Respectfully submitted:


/s/ George L. Garrow, Jr., Esq.
George L. Garrow, Jr., Esq.
The Garrow Law Firm, PLLC
10 G Street, NE, Suite 710
Washington, DC 20002
202-248-5080 phone
202-280-1120 fax
ggarrow@garrowandevans.com
DC Bar # 393213


/s/ Paul Lagnese, Esq.
Paul Lagnese, Esq. (local counsel)
Berger & Lagnese
310 Grant Street, Suite 720
Pittsburgh PA 15219
412-471-4300
(412) 471-3116 fax
paull@bergerlagnese.com
PA Bar # 51281

## CERTIFICATE OF SERVICE

I hereby certify that on July 13, 2011, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system that provided notification to the following:

John E. Hall, Esq.
Amy J. Roy, Esq.
Eckert Seamans Cherin & Mellott, LLC
U. S. Steel Tower
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Attorneys for Defendants


/s/George L. Garrow, Jr., Esq.
George L. Garrow, Jr., Esq.
The Garrow Law Firm, PLLC
10 G Street, NE, Suite 710
Washington, DC 20002
202-248-5080 phone
202-280-1120 fax
ggarrow@garrowandevans.com
DC Bar # 393213


/s/ Paul Lagnese, Esq.
Paul Lagnese, Esq. (local counsel)
Berger & Lagnese
310 Grant Street, Suite 720
Pittsburgh PA 15219
412-471-4300
(412) 471-3116 fax
paull@bergerlagnese.com
PA Bar # 51281